**In the Matter of Michael James KINNEY, Debtor.**

**Bankruptcy No. 81–1962.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 3, 1983.

Michael James Kinney, pro se.

Domenic L. Massari, Tampa, Fla., for debtor.

Edward M. Waller, Jr., Tampa, Fla., for Guaranty Nat'l Bank.

## ORDER ON MOTION FOR REHEARING

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion for Rehearing filed by Guaranty National Bank (Guaranty), a creditor of the Chapter 7 Debtor in the above-styled case.

Guaranty seeks reconsideration of this Court's order entered April 12, 1983 in which the Court refused to enlarge the time for Guaranty to object to the Debtor's claim for exemption of his real property situated in the State of Florida.

Guaranty contends that inasmuch as this Court previously enlarged the time for Guaranty to object to discharge and dischargeability in the Order entered May 17, 1982, upon a finding of excusable neglect, that same excusable neglect should justify enlargement of the time in which to object to the Debtor's claim of exempt property. The two concepts, however, are not interchangeable. While the Court has discretion to enlarge the time to object to discharge or dischargeability after the specified period when the failure to timely object was due to excusable neglect, the Court has no such discretion to enlarge the time to object to the Debtor's claim of exempt property.

Bankruptcy Rule 906(b) specifically forbids extending time for taking any action under Bankruptcy Rule 403(c). Rule 403(c) fixed fifteen (15) days as the time within which to object to the Debtor's claim of exemption. This Rule has been superceded by § 522 of the Bankruptcy Code which does not specify a time for filing objections to the Debtor's claim of exemptions. This matter, therefore, is covered by Local Rule 4005(c), which fixes the time to file objections to the Debtor's claim of exemptions as within fifteen (15) days after the schedules are served on the Trustee unless the time is enlarged within the fifteen (15) day period. There is no provision for enlarging the time after the fifteen (15) day period has passed. It appears, therefore, that the philosophy of Bankruptcy Rule 403(c) which sought a prompt and conclusive determination of the Debtor's right to exemption continues in Local Rule 4005(c).

The Debtor filed his Petition for Relief on October 23, 1981 and the Trustee was appointed that same day. November 22, 1981 was fixed as the last date to object to the Creditors claim of exemptions and that time period was not further enlarged within the fifteen (15) day period. This Court, therefore, is unable and without discretion to enlarge the time to object to the Debtor's claim of exemptions at this time.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Rehearing filed by Guaranty National Bank be, and the same hereby is, denied.